FILED '09 MAY 29 15:24 USDC-LAE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **CHERYL AUCOIN, ET AL.,** | \* |
| | \* CIVIL ACTION NO. _____ |
| Plaintiff, | \* |
| | \* SECTION: 09-3690 |
| vs. | \* |
| | \* JUDGE: SECT. S MAG 5 |
| **EXXON MOBIL CORPORATION, ET AL** | \* |
| | \* MAGISTRATE: _____ |
| **Defendants** | \* |
| | \* JURY TRIAL REQUESTED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

United States Courthouse
New Orleans, Louisiana

Now comes Petitioner, Exxon Mobil Oil Corporation ("EMOC") who, through undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441, 1446 and 1453, hereby gives notice that it has removed this civil action from the Civil District Court for the Parish of Orleans, to the United States District Court for the Eastern District of Louisiana based upon the Class Action Fairness Act of 2005 and the commencement of a new mass action through the filing of Plaintiffs' Second Supplemental and

Fee 350

Amending Petition. In support of this Notice of Removal, Petitioner states as follows:

### Plaintiffs' State Court Allegations

1.

Cheryl Aucoin, and 68 other plaintiffs, filed a cumulated petition on May 23, 2008 in Civil District Court for the Parish of Orleans, and two amended petitions since then, alleging personal injuries and damages to property from alleged exposure to "technologically enhanced radioactive material" ("TERM") as part of oil and gas operations by various pipe-cleaning contractor defendants who operated facilities in Louisiana and other states. *See* Original Petition for Damages, attached as Exhibit A and Amended Petitions, attached as Exhibits B and C.

2.

Plaintiffs are people who worked at these various facilities, family members claiming secondary exposure from the clothes of the workers, and/or neighbors who lived near these various facilities where the allegedly hazardous substances were located. Plaintiffs seek an award of damages for personal injury, medical monitoring and for remediation and cleanup of their allegedly contaminated properties. Plaintiffs also seek punitive damages.

3.

On April 30, 2009, Plaintiffs filed a Motion for Leave to File Second Supplemental and Amending Petition. (See Exhibit D). Leave was granted on May 5, 2009. (Exhibit E).

4.

The Second Amended Petition added two new defendants, both of which are foreign corporations. *See* Second Amended Petition, Exhibit C at ¶3. EMOC and Oxy, Inc. are foreign defendants that were added through the Second Amended Petition.

5.

The Second Amended Petition also added 41 new plaintiffs. *See* Second Amended Petition, Exhibit C at ¶1.

6.

EMOC was served with the Second Amended Petition on May 12, 2009. (Exhibit F).

7.

Pursuant to 28 U.S.C. § 1446 (b), this Notice of Removal is timely filed within thirty (30) days of receipt of the Second Amended Petition, which commences a new action as to the new defendants not named previously. Pursuant to 28 U.S.C. §1453(b), this removal is proper although brought more than one year after the original suit was filed.

### Removal Under the Class Action Fairness Act

8.

This removal is brought under the "mass action" provision of the Class Action Fairness Act of 2005. *See* 28 U.S.C. §§1332, 1441, 1446, 1453. The Second Amended Petition add two new defendants. The newly added defendants are entitled to remove under the Class Action Fairness Act because the case is newly commenced

as to them. *See Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006). Additionally, the Second Amended Petition also added the individual cases of 41 new plaintiffs against the existing and new defendants. As this case is a "mass action," not a class action, these plaintiffs are entirely new to the case and were not in any way represented by the prior plaintiffs in the earlier complaints. Accordingly, for all these separate and independent reasons, a new action has been commenced and removal is permitted under the Class Action Fairness Act.

9.

At the time of filing plaintiff's Petition, defendant EMOC was and is now a New York corporation with its principal place of business in the State of Texas.

10.

Plaintiffs are residents of Louisiana. Based on the foregoing, there is minimal diversity of citizenship between plaintiffs and defendants, as defined under the Class Action Fairness Act at 28 U.S.C. §1453(b) and 1332.

11.

Plaintiffs' petitions are purposefully vague in that Plaintiffs do not set out the specific pipeyard locations where the Plaintiffs are claiming their alleged exposure. The pipe-cleaning contractor defendants operated facilities in Louisiana as well as other states. Plaintiffs claim exposure at these pipe-cleaning contractor defendants' facilities. On May 19, 2009 counsel for EMOC contacted Plaintiffs' counsel and advised, therefore, that Plaintiffs appear to be alleging exposure out-of-state, such that the "local controversy" exception to CAFA would not apply, but gave Plaintiffs the opportunity to stipulate that they were not claiming out-of-state exposure to avoid

removal by EMOC. (See correspondence dated 5/19/2009 attached as Exhibit G and proposed Stipulation attached as Exhibit H). On May 20, 2009 Plaintiffs' counsel requested additional time to clarify the alleged exposure locations before agreeing to the stipulation. (See 5/20/09 correspondence attached as Exhibit I). On May 26, 2009 EMOC granted plaintiffs another extension. (See 5/26/09 correspondence attached as Exhibit J). Then, without notifying EMOC of its intention not to sign the stipulation, counsel for Plaintiffs instead filed a "Supplemental Memorandum in Support of Motion for Leave to File Second Supplemental and Amending Petition," an obvious and improper attempt to avoid removal of a petition for which CAFA jurisdiction clearly exists. ("Supplemental Memo) (Exhibit K).

12.

Plaintiffs' Supplemental Memo claims that "by this pleading, plaintiffs modify the Second Supplemental and Amending Petition for Damages" and withdraw 19 plaintiffs from this action. (Exhibit K at 1). However, the Supplemental Memo is just that—a memorandum; it is not an amending petition. Furthermore, the Supplemental Memo incorrectly states that plaintiffs' motion for leave to file the Second Supplemental and Amending Petition was not granted and had not been set for hearing. In fact, leave already had been granted without hearing on May 5, 2009 by Judge Piper Griffin and the Second and Amending Petition was already filed of record. Plaintiffs, therefore, could not possibly modify it with a Supplemental Memo filed in support of its filing (See Exhibit E). Finally, the Supplemental Memo is an obvious and improper attempt to avoid CAFA jurisdiction of a petition that is clearly

removable.  For all these separate and independent reasons, the Supplemental Memorandum cannot defeat removal.

### The Amount in Controversy

13.

The amount in controversy exceeds $75,000 per plaintiff, exclusive of costs and interest, and is therefore proper in this Court under 28 U.S.C. §1332(d)(11).

14.

Although Plaintiffs plead no specific amount of damages, Plaintiffs seek damages for personal injuries, property remediation and punitive damages.  In a single case involving a single tract of land in Harvey Louisiana alleged to be contaminated with TERM, a jury awarded compensatory damages in the amount of $56 million to remediate the 33 acre parcel and punitive damages in the amount of $1 billion against Defendants.  The Louisiana 4th Circuit Court of appeals affirmed the compensatory award but reduced the punitive award to $112 million. The Louisiana Supreme Court denied writs in all respects.  *See* Grefer Judgment, attached as Exhibit L.

### Other Matters

15.

Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Clerk for the Civil District Court for the Parish of Orleans.  *See* Exhibit M.

16.

Petitioner reserves the right to amend or supplement this Notice of Removal.

17.

This action is removable pursuant to 28 U.S.C. §1441(a) because Petitioner is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

18.

Pursuant to 28 U.S.C. §1453(b), the consent of other defendants is not required.

19.

As noted above, none of the exceptions to the Class Action Fairness Act enumerated in 28 U.S.C. §1332 apply.

20.

Pursuant to 28 U.S.C. §1447(b), a copy of all process, pleadings and orders will be filed into the record at a time specified by the Court.

21.

Petitioner requests a trial by jury on all issues.

**WHEREFORE,** Petitioner Exxon Mobil Oil Corporation hereby removes the action now pending against it in the Civil District Court for the Parish of Orleans, bearing case number 2008-05595, to this Honorable Court.

Respectfully submitted,

ADAMS AND REESE LLP

_____
Glen M. Pilié (#1539)
Charles F. Gay, Jr. (#5990)
Donald C. Massey (#14177)
Martin A. Stern (#17154)
Valeria M. Sercovich (#24642)
701 Poydras Street – Suite 4500
New Orleans, LA 70139
Telephone:     (504) 581-3234
Facsimile:      (504) 566-0210
E-mail address:  piliegm@arlaw.com
E-mail address:  charles.gay@arlaw.com
E-mail address:  donald.massey@arlaw.com
E-mail address:  martin.stern@arlaw.com
E-mail address:  sercovichvm@arlaw.com
*Counsel for Exxon Mobil Oil Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record and the Civil District Court for the Parish of Orleans by electronic mail or by placing same in the United States mail, postage prepaid and properly addressed, this 29th day of May 2009.

_____
Valeria M. Sercovich (#24642)