```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CHERYL AUCOIN, ET AL.                          CIVIL ACTION

VERSUS                                         NUMBER: 09-03690

EXXON MOBIL CORP., ET AL.                      SECTION: "N"(5)
```

### REPORT AND RECOMMENDATION

The undersigned submits the following Report and Recommendation as to the claims of two of the plaintiffs herein, Moises Herrera and Tom Stewart.

The above-captioned matter is a personal injury/property damage action regarding the alleged exposure of naturally occurring radioactive material ("NORM") to the various named plaintiffs. On October 6, 2010, the District Judge entered a Phase I Discovery Order which required the plaintiffs to provide defendants with certain information and documentation by February 3, 2011, a deadline that was later extended until April 30, 2011. (Rec. docs. 136, 143). After the matter was referred to the undersigned for the establishment of a discovery plan, a conference was held with counsel for the parties at which it was revealed that nine of the

approximately one hundred thirteen plaintiffs had not satisfied their court-ordered initial disclosure obligations as set forth in the Phase I Discovery Order. (Rec. docs. 143, 150). Upon being furnished with the residential addresses of those individuals, the Court ordered the nine plaintiffs to show cause, in writing, as to why their claims should not be dismissed with prejudice for failure to prosecute. (Rec. doc. 154). Through counsel, the nine plaintiffs submitted a response to the Court's show order in which it was explained, inter alia, that the claims of Moises Herrera should be dismissed because further investigation had revealed that those claims were not viable and that the claims of Tom Stewart should be dismissed based upon his failure to provide his attorneys with correct and accurate contact information. (Rec. doc. 160). Counsel's responses, however, suggested that the dismissals of the foregoing two plaintiffs' claims be without prejudice. (Id.). For their part, the defendants sought a dismissal "with prejudice". (Rec. doc. 161, p. 3).

A status conference was subsequently held on July 19, 2011 with counsel for the parties in attendance. (Rec. doc. 165). At that time, counsel for the two plaintiffs in question conceded that their claims should indeed be dismissed with prejudice. (Id. at pp. 1-2). This Report and Recommendation follows:

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure

enumerates seven forms of sanctions that can validly be imposed where a party fails to obey a court order to provide discovery which may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

A district court possesses considerable discretion to impose sanctions under Rule 37. McLeod, Alexander, Powel & Apffel, 894 F.2d 1482, 1486 (5th Cir. 1990)(quoting Sciambra v. Graham News Co., 841 F.2d 651, 655 (5th Cir.), cert. denied, 488 U.S. 855, 109 S. Ct. 143 (1988)). In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas

County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).

It is undisputed that the two plaintiffs in question, Moises Herrera and Tom Stewart, have failed to provide the defendants with the information and documentation that was subject to the Court's Phase I Discovery Order as amended.  No excuse has been provided for this failure.  Upon further investigation by plaintiffs' counsel, it has been determined that Herrera's claims are not viable. After initially responding to a newspaper advertisement soliciting his cooperation in prosecuting this matter, Stewart provided contact information to his own attorneys that proved to be incorrect. (See rec. doc. 160, p. 2).  Counsel have now conceded that the claims of these two plaintiffs should be dismissed with prejudice.  It will be so recommended.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the claims of plaintiffs, Moises Herrera and Tom Stewart, be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  18th  day of    August   , 2011.

                                              ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE