UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CHERYL AUCOIN, ET AL.                           CIVIL ACTION

VERSUS                                          NUMBER: 09-03690

EXXON MOBIL CORP., ET AL.                       SECTION: "N"(5)

                        **REPORT AND RECOMMENDATION**

    The undersigned submits the following Report and Recommendation on the defendants' Rule 41(b) motion for involuntary dismissal as to the claims of two of the plaintiffs herein, Leo Evans, Sr. and Harold Evans. (Rec. doc. 166). The motion is opposed. (Rec. doc. 169).

    Like two of the other plaintiffs who were the subject of the Court's previous Report and Recommendation in this matter (rec. doc. 175), the Evans plaintiffs were among a number of individuals who had not complied with the disclosure obligations imposed by the District Judge's Phase I Discovery Order as amended. (See rec. docs. 150, 154). Upon being ordered to show cause as to why their claims should not be dismissed with prejudice for failure to prosecute, the Evans plaintiffs, through counsel, explained that

they are also plaintiffs in a lawsuit that is pending in state court containing the same or similar claims as are alleged herein and that their inclusion as parties in this case was simply done in error. (Rec. doc. 160, pp. 1-2). To avoid any possible adverse effects on their pending state-court proceeding, the Evans plaintiffs thus suggested that the dismissal of their claims in this case be without prejudice. (Id.) The defendants, on the other hand, sought a dismissal of the Evans' claims with prejudice, a position which they did not retreat from at a status conference that was held on July 19, 2011. (Rec. docs. 161; 165, p. 2). Thereafter, defendants filed the motion that is presently before the Court which was heard on August 17, 2011. (Rec. docs. 166, 168, 169, 174). During oral argument, plaintiffs' counsel reiterated that the inclusion of the Evans plaintiffs in this lawsuit was due to attorney inadvertence and that the failure to provide initial disclosures was not the result of recalcitrance on the part of the plaintiffs themselves but was essentially done at counsel's direction while a dismissal without prejudice was being sought.

Dismissal with prejudice has been characterized as a "draconian remedy", a "remedy of last resort." F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994)(quoting Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 515 (5th Cir. 1985)). Thus, several factors must be present before a district court can dismiss a case

with prejudice for failure to comply with a discovery order: 1) the refusal to comply must result from willfulness or bad faith and be accompanied by a clear record of delay or contumacious conduct; 2) the violation of the discovery order must be attributable to the plaintiff himself rather than his counsel; 3) the violating party's misconduct must substantially prejudice the opposing party; and, 4) a less drastic sanction would not achieve the desired deterrent effect. <u>Conner</u>, 20 F.3d at 1380-81 (quoting <u>Coane v. Ferrara Pan Candy Co.</u>, 898 F.2d 1030, 1032 (5th Cir. 1990)).

There has been no showing of willfulness or bad faith on the part of the Evans plaintiffs in failing to abide by their initial disclosure obligations nor does it appear that the failure was attributable to the plaintiffs themselves rather than their counsel.  Substantial prejudice to the defendants is not apparent and the law generally favors an adjudication of the merits of a party's claims.  <u>See</u>, e.g., <u>Lewis v. Lynn</u>, 236 F.3d 766, 767 (5th Cir. 2011). Under these circumstances, it will be recommended that the Evans plaintiffs' claims be dismissed without prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the claims of the plaintiffs, Leo Evans, Sr. and Harold Evans, be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 22nd day of August, 2011.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE