UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL AUCOIN, ET AL | CIVIL ACTION |
| VERSUS | NO. 09-3690 |
| EXXON MOBIL CORP., ET AL | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court is Defendant Exxon Mobil Corporation's second "Motion for Partial Summary Judgment on Punitive Damages" (Rec. Doc. 348). As stated herein, **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-urge its motion post-trial.

### Analysis

Plaintiffs allege personal injuries and damages to property from alleged exposure to naturally occurring radioactive materials ("NORM"). Specifically, Plaintiffs claim they were exposed to NORM as a result of crust, known as "scale", that was removed from used oilfield pipe sent for cleaning by several oil companies, including Exxon, to various pipe-cleaning contractor defendants, including Intracoastal Tubular Services, Inc. ("ITCO"), who operated facilities in Louisiana and other states. Plaintiffs are individuals (or their survivors) who worked at the pipeyards, family members claiming secondary exposure, and persons who lived near the pipeyards. Plaintiffs seek awards of damages for personal injury, medical monitoring, and/or remediation of their allegedly contaminated properties. Plaintiffs also seek punitive damages.

With its present motion for partial summary judgment, Exxon again seeks dismissal with prejudice of Plaintiffs' claims for punitive damages asserted under now repealed Louisiana Civil Code article 2315.3. The grounds for the current motion, however, are different from those previously rejected by the Court. See Rec. Doc. 132. Specifically, Exxon now argues that, by virtue of the punitive damages awarded in *Grefer v. Alpha Technical*, 965 So. 2d 511 (La. App. 4 Cir. 8/08/07)(*Grefer II)* and *Lester v. Exxon Mobil Corp.*, 120 So.3d 767, 770 (La. App. 4 Cir. 6/26/13), these claims should be dismissed, on federal constitutional due process principles, because it has already been punished at least nine times[1] for the same conduct of which Plaintiffs complain.

Having carefully reviewed the parties' submissions, the Court finds this issue more appropriately decided post-trial when the Court will have the benefit of the jury's findings, the evidence presented at trial, and the current state of the law. Accordingly, Defendant's motion is denied without prejudice to its right to re-urge its motion post-trial.

New Orleans, Louisiana, this 12th day of December 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**
Magistrate Judge North

---

[1] Albeit on different grounds, the Louisiana Supreme Court has granted a writ application relative to a tenth award, in *Oleszkowicz v. Exxon Mobil Corp.*, 129 So.3d 1272 (La. App. 5 Cir. 12/19/13), *writ granted,* 138 So.3d 1234, 2014-0256 (La. 5/2/14). Argument, however, has been limited to the issue of res judicata. See Rec. Doc. 365-1.